IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANDREW WATSON                                                                                                             PETITIONER

V.                                                                                     CAUSE NO. 1:21-CV-00180-SA-RP

M.D.O.C./M.T.A., et al.                                                                                 RESPONDENTS

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court on the *pro se* petition of Andrew Watson for a writ of habeas corpus under 28 U.S.C. § 2241. Respondents have moved to dismiss the petition for failure to state a valid claim upon which relief can be granted and for failure to exhaust available state court remedies. Petitioner has failed to respond to the motion and the time for doing so has passed. The matter is now ripe for resolution. For the reasons set forth below, Respondents' motion to dismiss will be granted, and the instant petition for federal habeas corpus relief will be dismissed for failure to state a claim upon which relief can be granted, and further for failure to exhaust state court remedies.

<u>Factual and Procedural Background</u>

      Petitioner Andrew Watson is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Wilkinson County Correctional Facility located in Woodville, Mississippi. Doc. # 5. On November 3, 2017, Watson appeared before the Circuit Court of Lee County, Mississippi, and pleaded guilty to charges of burglary of an automobile and aggravated domestic violence, charges stemming from cases prosecuted in Lee County and Monroe County, Mississippi, respectively. Doc. # 8-1. The circuit court sentenced Watson to a term of twenty (20) years suspended with five (5) years post-release supervision ("PRS") on the aggravated domestic violence charge, and a term of seven (7) years suspended pending his

compliance with the PRS terms on the automobile burglary charge, and the sentences to run consecutively. Doc. #s 8-1, 8-2.

Due to his noncompliance with the PRS terms, the circuit court revoked Watson's suspended sentences and probation on June 20, 2018. Doc. #s 8-3, 8-4. The circuit court then sentenced Watson to a term of seven (7) years on the Lee County charge (burglary of automobile) and twenty (20) years with ten (10) years suspended and five (5) years PRS on the Monroe County charge (aggravated domestic violence), with the sentences to run concurrently. *Id.* On March 11, 2020, Watson sent a letter to the trial judge requesting a parole date, which the circuit court construed as a petition for parole eligibility. Doc. # 8-5. The circuit court subsequently entered an order on March 23, 2020, denying Watson's request, after finding as follows:

> . . . [T]he Defendant has been convicted of a crime of violence pursuant to Miss. Code Ann. § 97-3-2(c) and is ineligible for parole consideration pursuant to Miss. Code Ann. § 47-7-3(1)(g)(iii).

*Id.*

Watson filed the instant federal habeas corpus action on November 29, 2021. Doc. # 1. Subsequently, on December 20, 2021, the Court entered an Order directing Respondents to answer Watson's petition on or before March 5, 2022. Doc. # 6. On February 22, 2022, Respondents filed the instant motion to dismiss, arguing that Watson's petition should be dismissed for failure to state a valid claim for relief and failure to exhaust state court remedies. Doc. # 8. To date, no response has been filed.

## Discussion

In the instant federal habeas petition, Watson alleges that he is a victim of ongoing gang violence perpetuated by his fellow inmates. Watson further complains

generally about the conditions of his confinement while housed at the East Mississippi Correctional Facility in Meridian, Mississippi. Watson additionally asserts that he is eligible for parole in just a few months—July 2022—and *seemingly* requests that he be released at that time. In moving to dismiss, Respondents argue that Watson's claims challenging the conditions of his confinement must fail because such claims are not properly brought in federal habeas actions. Respondents additionally contend that any claim regarding parole eligibility fails for failure to state a cognizable federal claim and failure to exhaust state court remedies.

*Conditions of Confinement Claim*

Watson's habeas petition primarily consists of allegations concerning the *conditions* of his confinement. In particular, Watson alleges that he has been the repeated victim of gang violence. Watson also claims that the correctional facility has failed to provide him with what he calls "essential living necessit[ies]" like blankets, towels, and a change of clothes.

Federal habeas corpus relief is limited to claims challenging the *fact* or *duration* of confinement. *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir 1994); *see also Moore v. Epps*, 2014 WL 3748932, at *3 (N.D. Miss. July 29, 2014)(citations omitted). Federal habeas relief, therefore, is unavailable where a prisoner seeks to challenge only the *conditions* of his confinement, *see Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997), and such claims should be brought as civil rights actions under 42 U.S.C. § 1983. *See Cook*, 37 F.3d at 168; *see also Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009).

To the extent the Court understands Watson's allegations regarding the gang violence and lack of sufficient basic necessities, none of these circumstances concern the *fact* or *duration* of confinement. As such, Watson's claims concerning the conditions of his confinement fail to state a valid claim for federal habeas review. Accordingly, these claims will be dismissed without prejudice.

*Claim Seeking Release on Parole*

In addition to challenging the conditions of his confinement, Watson also notes that he is eligible for parole in just a few months. Respondents argue that Watson's request for parole fails to state a cognizable federal habeas claim. Alternatively, Respondents contend that Watson has failed to exhaust any such claim in state court.

Petitioners seeking federal habeas corpus relief must allege the deprivation of "some right secured to him by the Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). Courts have consistently held that the Mississippi parole statutes do not confer a liberty interest in state inmates. *See Smith v. Mississippi Parole Board*, 478 F. App'x 97 (5th Cir. 2012); *Scales v. Mississippi Parole Board*, 831 F.2d 565 (5th Cir. 1987); *Davis v. Johnson*, 205 F. Supp. 2d 616, 619 (N.D. Miss. June 20, 2002). Thus, Watson has no constitutionally recognized liberty interest in parole and, consequently, any claim regarding parole fails to state the violation of a constitutionally protected right. Watson's claim requesting parole, therefore, must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Absent special circumstances, a prisoner seeking habeas corpus relief in federal court must first exhaust all claims, which requires that such claims be presented to the state's highest court. *See Rome v. Kyle*, 1994 WL 708768, *3 (5th Cir. 1994); *see also*

*Dickerson v. Louisiana*, 816 F.3d 220, 225 (5th Cir. 1987). As the Mississippi Supreme Court is the highest state court in Mississippi, *see Jackson v. Anderson*, 112 F.3d 823, 825 (5th Cir. 1997), Watson must have allowed the Mississippi Supreme Court an opportunity to address this claim before filing the instant federal habeas petition. Watson, however, failed to do so.[1] As such, Watson's claim must also be dismissed for failure to exhaust available state court remedies.

## Conclusion

Based on the foregoing discussion, Respondents' motion [8] to dismiss is **GRANTED**. Petitioner's claims challenging the conditions of his confinement are **DISMISSED without prejudice** for failure to state an appropriate claim for federal habeas review. Petitioner's claim regarding parole eligibility is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. A separate judgment in accordance with this memorandum opinion and order will enter today.

**SO ORDERED**, this the 5th day of April, 2022.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

---

[1] *See* Mississippi Supreme Court website, https://courts.ms.gov (General Docket search of "Andrew Watson" yields no results for this particular Andrew Watson) (last accessed on April 5, 2022).